## RICCHE v. PENNSYLVANIA R. CO.
### No. 6686.

United States District Court
E. D. Pennsylvania.
May 2, 1949.

Joseph S. Lord, III, of Philadelphia, Pa., for plaintiff.

Philip Price and H. Francis DeLone, both of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff brought suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and was awarded a jury verdict of $3,025. Defendant moved for judgment n. o. v. and for a new trial, and plaintiff moved for a new trial limited to the issue of damages. At oral argument, plaintiff withdrew its motion.

Plaintiff's case rested upon two alleged accidents, one occurring on February 12, 1945, and the other on August 22, 1946. As to the first, defendant admitted negligence, but pleaded a release in defense; as to the second, defendant claimed that if there was an accident it was not due to its negligence. The case was submitted to the jury on both theories and the jury was instructed, as to the cause of action arising out of the first accident, that plaintiff had the burden of convincing the jury by "clear, convincing, and unequivocal evidence" that the release was "tainted with invalidity, either by fraud * * * or by mutual mistake." Defendant claims, in support of its motion for judgment on the first cause of action, that there was insufficient evidence to justify submitting the issue of the release to the jury. After examining the record, I cannot agree with this contention and shall, therefore, deny the motion for judgment. It should be pointed out, in addition, that the jury verdict makes clear that the verdict was based on the second accident. Similarly, defendant's motion for judgment on the second cause of action must be denied. I feel there is ample evidence from which a jury could find that the second accident occurred, and that it was caused by defendant's negligence. In support of its motion for a new trial, defendant argues that the verdict was excessive, and, in any event, since plaintiff seeks a new trial, as well, the issues are too complex to confine the new trial to damages alone. However, plaintiff has withdrawn his motion for a partial new trial. Since I do not regard the verdict as excessive, defendant's motion upon this ground must be denied. In filing its motion, defendant listed various other errors which it claimed called for a new trial. Although these points have not been pressed, I have considered those that were sufficiently identified in the formal motion. None of the objections to the charge, I feel, are well taken. Accordingly, therefore, an order will be entered denying defendant's motion for judgment n. o. v. or for a new trial.